(45 Misc. Rep. 95.)

LEVY v. COHEN et al.

(Supreme Court, Special Term, New York County.   October, 1904.)

1. ASSIGNMENT—GUARANTY OF BUILDING CONTRACT.
    A written guaranty in which defendants agreed to pay a building con-
    tractor the amount expressed in a contract for the erection of a syna-
    gogue, if the religious corporation failed to pay him according to the
    terms of the contract, running to the building contractor only, is not as-
    signable prior to a breach.

Action by Morris Levy against Max Cohen and others on a written
guaranty.  Demurrer to complaint sustained.

Manheim & Manheim, for plaintiff.
L. Pleshet, for defendants.

BLANCHARD, J.  It appears from the complaint that this action
is brought upon a written guaranty executed and delivered by the de-
fendants to one Margowitz, a builder, in and by which the defendants
promised and agreed to pay Margowitz the amount expressed in a cer-
tain building contract between him and a religous corporation for the
erection of a synagogue, provided the corporation failed to pay him
according to the terms of the contract.  The defendants are members
of the corporation.  After the building contract and guaranty were
executed and delivered, and before anything was done under the con-
tract, Margowitz, "with the knowledge and consent" of the corporation
and of the defendants, for a good and valuable consideration, assigned
the contract and guaranty to the plaintiff.  The plaintiff proceeded
with the work under the contract, and finished the synagogue, and
now claims that he is entitled to be paid a balance due upon the contract,
payment of which has been refused.  He brings this action upon the
guaranty to recover this balance from the defendants.  The defendants
demur upon the ground that the complaint fails to state facts sufficient
to constitute a cause of action.  By its terms the guaranty is special
in its scope, and guaranties payment only to Margowitz, the original
contractor.  By no fair construction can its effect be extended to in-
clude the plaintiff, as assignee of Margowitz.  It was not assignable, as
no right of action thereon had arisen.  Evansville Nat. Bank v. Kauf-
mann, 93 N. Y. 273, 45 Am. Rep. 204.  The defendants are not liable
to the plaintiff, even though they consented to the assignment of the
guaranty.  Their mere consent would not have the effect of making
them so liable unless it was followed by a new written guaranty to the
plaintiff, based on a new consideration.  Evansville Nat. Bank v. Kauf-
mann, supra.  The complaint fails to disclose such a state of facts, and
the demurrer is therefore sustained, with costs, with leave to serve
an amended complaint within 20 days upon payment of costs.

Demurrer sustained, with costs, with leave to serve an amended com-
plaint within 20 days, upon payment of costs.